UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-848-F

| | |
|---|---|
| TRANA DISCOVERY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| SOUTHERN RESEARCH INSTITUTE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Motion to Seal [DE-12] filed by Southern Research Institute ("SRI"). Therein, SRI asks the court to seal Exhibit A to its Memorandum of Law in support of its Partial Motion to Dismiss. The proposed sealed document is entitled "Data Report for Compound Dose Response Testing against HIV-1 in CEM-SS Cells" (the "June 2009 Data Report") prepared under a contract with the AIDS division ("DAIDS") of the National Institute of Allergy and Infectious Diseases ("NIAID") (itself a division of the National Institute of Health ("NIH")), entitled NIAID N01-AI-70042, Contract No. HHSN27220070042C, *In Vitro Testing Resources for AIDS Therapeutic Development; Part B: Specialized In Vitro Virological Assays for HIV Therapeutics and Topical Mocrobides* [DE-11]. Plaintiff Trana Discovery, Inc. ("Trana") opposes the motion.

Local Civil Rule 79.2 provides that any "party desiring to file a document under seal must first file a motion seeking leave in accordance with Section T of the CM/ECF <u>Policy Manual</u>." Local Civil Rule 79.2(a). Section T of the CM/ECF Policy Manual, in turn, provides in relevant part the following:

1. Except for motions filed under seal in accordance with Section T(1)(a)7 of this

Policy Manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

    (i)    the exact document or item, or portions thereof, for which filing under sale is requested;

    (ii)    how such request to seal overcomes the common law or the First Amendment presumption to access;

    (iii)    the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

    (iv)    the reasons why alternatives to sealing are inadequate; and

    (v)    whether there is consent to the motion.

**In addition to the motion and the supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of this Policy Manual.**

Policy Manual pp. 25-26 (emphasis in original).

The Memorandum in Support of the Motion to Seal [DE-13] and the Proposed Order [DE-14] do not comply with the procedures set forth in Section T. Specifically, the SRI (1) fails to articulate how its request to seal overcomes the common law or the First Amendment presumption to access; (2) fails to explain why the specific qualities of the material at issue justify sealing the material, taking into account the balance of competing interest in access, and (3) fails to explain why alternatives to sealing are inadequate. Additionally, the Proposed Order submitted by the SRI fails to set out the findings mandated by Section T.

Given the SRI's failure to comply with Section T, especially its failure to explain how its request to seal overcomes the common law or First Amendment presumption to access, the Motion to Seal [DE-12] is DENIED WITHOUT PREJUDICE. In accordance with Local Civil Rule 79.2(b)(3), and in the court's discretion, the court DIRECTS the Clerk of Court to maintain Exhibit

A, located at Docket Entry 11, under seal. SRI may, by April 18, 2014: (1) file a renewed motion to seal, which complies with the Local Rules of this court and Section T of the CM/ECF Policy manual, (2) file the document at Docket Entry 11 as a public document, or (3) file a notice stating that it no longer asks the court to consider Exhibit A when ruling on the Partial Motion to Dismiss.[1]

SO ORDERED.

This the _10_ day of April, 2014.

_James C. Fox_
James C. Fox
Senior United States District Judge

---

[1] The court recognizes Trana's contention that it is improper for the court to consider Exhibit A because it is outside the pleadings. The court does not yet reach that issue.

3