.IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-848-F

TRANA DISCOVERY, INC.,                )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        O R D E R
                                      )
SOUTHERN RESEARCH INSTITUTE,          )
                                      ) `
        Defendant.                    )

This matter comes before the court on Plaintiff's Motion to File Documents Under Seal.

[DE-70]. Plaintiff seeks to maintain under seal certain documents related to a pending motion to

strike on the grounds the documents contain confidential information. Defendant has not responded

to the motion and the time for doing so has expired.

"[T]he courts of this country recognize a general right to inspect and copy public records and

documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing

publicly filed documents the court must first determine if the source of the public's right to access

the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855

F.2d 178, 180 (4th Cir. 1988). The fact that the documents sought to be sealed are subject to a

protective order by the court does not relieve the parties or the court from the obligation to comply

with the Fourth Circuit's sealing regimen. *See Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652,

679-80 (E.D.N.C. 2003); *see also Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys.*,

No.1:05-CV-955, 2011 WL 2413404, at *5 (M.D.N.C. Jun. 10, 2011) (unpublished) (citations

omitted). "[T]he common law presumption in favor of access attaches to all 'judicial records and

documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Stone*, 855 F.2d at 180 (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Here, the documents sought to be sealed have been filed by Plaintiff in connection with its opposition to Defendant's motion to strike Plaintiff's supplementation to its expert report, and thus the documents play a role in the adjudication process. *See In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights.") (citations omitted); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."). Furthermore, the documents at issue are not subject to the First Amendment right of access, because they are related to a dispute over the scope of an expert report produced in discovery. *See 360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-310-F, 2016 WL 3030166, at *7 n.6 (E.D.N.C. May 25, 2016) (unpublished) (applying the "experience and logic" test, which considers whether the proceeding benefits from public access, in determining when the First Amendment right to access applies); *Covington v. Semones*, No. 7:06-CV-00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) (unpublished) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Va. Dep't of State Police v. Washington Post*, 386 F.3d

567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford*, 846 F.2d at 253). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Finally, prior to sealing a judicial record the court must (1) give the public notice of the request to seal and a reasonable opportunity to challenge it; (2) consider less drastic alternatives to sealing; and (3) "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Pub. Co.*, 743 F.2d at 235 (citation omitted).

Here, the documents consist of materials considered confidential by the filing party, subject to a confidentiality order of the court. Although not dispositive, this factor does speak to the purported nature of the documents, which contain sensitive business information not available to the general public, specifically proprietary drug research and related budgetary and strategic business considerations. One of the documents submitted by Plaintiff to be sealed, its brief in opposition to the motion to strike, contains quotations to the proprietary information. Based on this showing, the court finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, Plaintiff's motion was filed

February 2, 2017. No opposition to the motion has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential information and are not generally available to the public, the court finds that alternatives to sealing do not exist at the present time. The court notes however, that an unsealed version of Plaintiff's brief has been filed in redacted form and is publicly available. [DE-66].

Accordingly, Plaintiff's motion [DE-70] is ALLOWED and the following documents shall remain under seal in accordance with Local Civil Rule 79.2:

1. Memorandum of Law in Opposition to Motion to Strike [DE-65];

2. Ex. A [DE-67];

3. Ex. C [DE-68]; and

4. Ex. F [DE-69].

So ordered, the 4th day of May 2017.

Robert B. Jones, Jr.
United States Magistrate Judge